

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-5535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**FILED**

DEC - 6 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

December 3, 2007

'07 CV 2296 H    LSP

Clerk, United States District Court
Southern District of California
4290 Edward J. Schwartz United States Courthouse
940 Front Street
San Diego, CA 92101

Re:   Transfer of our Civil Case No. __CV07-7375 R (FFM)__

      Case Title: __Craig Wimberly -v- Warden__

Dear Sir/Madam:

        An order having been made transferring the above-numbered case to your district, we are
transmitting herewith our entire original file in the action, together with certified copies of the order and
the docket.  Please acknowledge receipt of same and indicate below the case number you have assigned
to this matter on the enclosed copy of this letter and return it to our office.  Thank you for your
cooperation.



Very truly yours,

Clerk, U.S. District Court

By _Marlene Ramirez_

Deputy Clerk

cc:   All counsel of record

================================================================================

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case
number CV: _____.

                                    Clerk, U.S. District Court

                                    By _____
                                    Deputy Clerk

CV-22 (01/01)              **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**





ENTERED
CLERK, U.S. DISTRICT COURT

DEC - 3 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

NOV 3 0 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CRAIG WIMBERLY, | ) | No. CV 07-7375 R (FFM) |
|              Plaintiff, | ) | ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |
|     v. | ) | |
| WARDEN, et al., | ) | |
|              Defendants. | ) | |

Plaintiff, a California State prisoner currently incarcerated at California State Prison in Lancaster, California, filed a *pro se* Complaint herein pursuant to 42 U.S.C. § 1983 on November 13, 2007.

As best the Court can glean from the allegations of the Complaint, the gravamen of plaintiff's claims is that various correctional officials at California State Prison who are named as defendants have violated his civil rights.

Pursuant to 28 U.S.C. § 1391(b), proper venue over a civil action such as this properly lies only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought.  Here, the complaint alleges that the address of each defendant is at

1 Calipatria State Prison in Calipatria, California; and that the complained of conduct
2 was directed against plaintiff at California State Prison. California State Prison is
3 located in Imperial County, which lies within the Southern District of California. *See*
4 28 U.S.C. § 84(d).

5      Thus, it appears that this action properly could have been brought in the
6 Southern District pursuant to either the first criterion or the second criterion above. It
7 does not appear that the third criterion applies at all, or that any basis exists for venue
8 here in the Central District.

9      Pursuant to 28 U.S.C. § 1406(a), if venue does not properly lie in this District,
10 then the Court must either dismiss the action, or if it be in the interest of justice,
11 transfer the action to the proper district.

12      IT THEREFORE IS ORDERED in the interest of justice that this action is
13 hereby transferred to the United States District Court for the Southern District of
14 California. The Clerk shall effect such transfer and notify the plaintiff.

15

16 Dated: **NOV. 30, 2007**

17 

18                       MANUEL L. REAL
                      United States District Judge

19

20 Presented by:

21

22

23   FREDERICK F. MUMM
  United States Magistrate Judge

24

25

26

27

28

I hereby attest and certify on 12-3-07
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
M. Ramirez
DEPUTY CLERK

1129

194, CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-07375-R-FFM

Craig Wimberly v. Warden
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Frederick F. Mumm
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 11/08/2007
Date Terminated: 11/30/2007
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Craig Wimberly**                          represented by    **Craig Wimberly**
CDC P-04999
California State Prison-Los Angels County
P O Box 4670
Lancaster, CA 93539-4670
PRO SE

I hereby attest and certify on 12-3-07 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
M. Ramirez
DEPUTY CLERK
1129

V.

**Defendant**

**Warden**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2007 |  | LODGED COMPLAINT forwarded to Magistrate Judge Frederick F. Mumm. Complaint sought to be filed by Plaintiff Craig Wimberly. (ghap) (Entered: 11/15/2007) |
| 11/08/2007 | 1 | Declaration in Support of Request to Proceed without Prepayment of Filing Fees filed by plaintiff Craig Wimberly. (ghap) (Entered: 11/15/2007) |
| 11/13/2007 | 2 | ORDER by Judge Frederick F. Mumm: GRANTING re REQUEST to Proceed without Prepayment of Filing Fees, Declaration in Support [1]. Further ORDERED the prisoner-plainitff owes the Court the initial filing fee of $ 350.00. An initial partial filing fee of $ -0- must be paid within 30 days of the date of this order. Thereafter, monthly payments shall be forwarded to the Court in accordance with this order. (et) (Entered: 11/17/2007) |
| 11/13/2007 | 3 | CIVIL RIGHTS COMPLAINT filed against Defendant Warden pursuant to 42: 1983. Case assigned to Judge Manuel L. Real and referred to |

| | | |
|---|---|---|
| | | Magistrate Judge Frederick F. Mumm. (Filing fee: IN FORMA PAUPERIS IS GRANTED.), filed by Plaintiff Craig Wimberly. (et) (Entered: 11/17/2007) |
| 11/13/2007 | 4 | NOTICE OF REFERENCE to United States Magistrate Judge Frederick F. Mumm. (et) (Entered: 11/17/2007) |
| 11/30/2007 | 5 | ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA by Judge Manuel L. Real. (MD JS-6. Case Terminated.) (mr) (Entered: 12/03/2007) |
| 12/03/2007 | | TRANSMITTAL of documents akk original documents, docket sheet and letter of transfer. (mr) (Entered: 12/03/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/03/2007 13:37:17 | | |
| **PACER Login:** | us3877 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-07375-R-FFM |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

FILED

2007 NOV 13 PM 1: 28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CRAIG WIMBERLY

PLAINTIFF(S)

V.

WARDEN, ET AL;

DEFENDANT(S).

CASE NUMBER

**CV07- 7375 R (FFM)**

**NOTICE OF REFERENCE TO A
UNITED STATES MAGISTRATE JUDGE**

Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable Manuel Real, U.S. District Judge.  Pursuant to the provisions of General Order 05-07, the within action is referred to U.S. Magistrate Judge Frederick F. Mumm, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that a trial by District Judge is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court together with proposed findings of fact and conclusions of law where neccessary or appropriate, and a proposed written order or judgment, which shall be mailed to the parties.  In the event the Magistrate Judge concludes that a trial by a District Judge is required, the Magistrate Judge shall so report to the District Judge.

Subsequent documents, correspondence and all other matters to be called to the Magistrate Judge's attention must be submitted and/or filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Ste 1053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

**Failure to submit and/or file at the proper location will result in your documents being returned to you.**

Clerk, U.S. District Court

11/13/2007

Date

By: CSAWYER

Deputy Clerk

------------------------------------------------------------

### NOTICE TO COUNSEL

A copy of this notice must be served with the summons and complaint.

Electronic recording equipment is used to report discovery proceedings before magistrate judges.  However, if the parties deem that a court report is necessary, they may make their own arrangements in this regard.

CV-25 (06/07)     NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

**FULL NAME** Craig Wimberly

**COMMITTED NAME (if different)**

**FULL ADDRESS INCLUDING NAME OF INSTITUTION**
P.O. Box 4670
Lancaster, CA 93539-4670
#P.84999

**PRISON NUMBER (if applicable)**

FILED
CLERK, U.S. DISTRICT COURT
NOV 13 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

07 - 7 3 7 5 - R (PA)

**CASE NUMBER** CV07-5320 (FFM)
*To be supplied by the Clerk*

Craig Wimberly

v.                    **PLAINTIFF,**

SSO

**DEFENDANT(S).**

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO (Check one)
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

**A. PREVIOUS LAWSUITS**

Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2.  If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

2007 AUG 15 PM 12: 56
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

LODGED

2007 NOV -8 PM 6: 49
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

LODGED

RECEIVED AND RETURNED
CLERK U.S. DISTRICT COURT
SEP 2 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY



DOCKETED ON CM
NOV 17 2007
BY            067

CIVIL RIGHTS COMPLAINT

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 13 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

CV-66 (7/97)                    Page 1 of 6

a.  Parties to this previous lawsuit:
Plaintiff _____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it
appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred? ☒ Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed? ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _Craig Wimberly_____
                                                    (print plaintiff's name)
who presently resides at _Lancaster State Prison_____
                              (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

___Calipatria State Prison_____
                        (institution/city where violation occurred)

on (date or dates) _____ , _____ , _____ .
                        (Claim I)         (Claim II)        (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant  L.E. Scribner  Warden (A)                          resides or works at
   (full name of first defendant) Calipatria State Prison
   P.o. Box 5002  Calipatria, CA 92233
   (full address of first defendant)

                          Warden (A)
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

   Explain how this defendant was acting under color of law:
   He is chief executive officer and responsible for the custody,
   treatment, of all inmates under his charge.

2. Defendant  C/o Olivares                                       resides or works at
   (full name of first defendant) Calipatria State Prison
   P.o. Box 5002  Calipatria, CA 92233
   (full address of first defendant)

                          Correctional officer
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Working c-Yard Visiting escort responsible geting me to
   Visit room

3. Defendant  M. Villa                                           resides or works at
   (full name of first defendant) Calipatria State Prison
   P.o. Box 5002  Calipatria, CA 92233
   (full address of first defendant)

                          Program Sergeant
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

   Explain how this defendant was acting under color of law:
   Lied Under color of Law. Falsification of Records and
   Documents

---

**CIVIL RIGHTS COMPLAINT**

**4. Defendant** *VARIOUS DEFENDANTS* **resides or works at**
(full name of first defendant) *Calipatria State Prison*

*P. Box 5002, Calipatria CA 92233*
(full address of first defendant) *Correctional Officers*

*Sgt*
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:

*Operating Visiting Procedure*

**5. Defendant** _____ **resides or works at**
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**CIVIL RIGHTS COMPLAINT**

**D. CLAIMS**

**CLAIM 1**

The following civil right has been violated:

## 8 AMENDMENT

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

#1 L.E. Scribner, Warden (A) chief executive officer, is responsible for the custody, treatment of all inmates under his charge. #2 C/o Oliveres, is escort officer responsible getting tina to visit. #3 Lieutenant, Sergeants and correctional officers operating visiting procedure. #4 M. Villa, Sergeant lied and alter A falsifying document against me for cover up of wrong doing.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

$5,000 in compensation for traveling expenses and cruel unusal punishment cause pain and suffering

_Aug 08, 2007_
_(Date)_

_C. Wimberly_
_(Signature of Plaintiff)_

Telephone (     )

☐ FPD    ☐ Apptd    ☐ C    ☐ Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CASE NUMBER**

Craig Wimberly          **PLAINTIFF(S),**

v.

**Motion, Affidavit and Order re: Appeal In Forma Pauperis:**    ☐   **28 U.S.C. 753(f)**
☐   **28 U.S.C. 1915**

**DEFENDANT(S).**

## MOTION AND AFFIDAVIT

The undersigned C. Wimberly          , a party in the within action, moves the Court under 28 USC § 1915 authorization to prosecute an appeal without prepayment of fees and costs or security therefor, and for preparation of a Court Reporter's transcript at government expense.

1.   I believe I am entitled to redress, and the issues which I desire to present on my proposed appeal are following:

   a.   Violated my visiting rights

   b.   Traveling cost expensive & cruel unusal punishment, pain & suffering

   c.   M. Villa, Program Sergeant, falsifying documents

2.   Because of my poverty I am unable to pay the costs of the proposed appeal proceeding or to give secur therefor.  I swear that the following responses are true.

   a.   Are you presently employed? _____NO_____

   If the answer is yes, state the amount of your salary or wages per month and give the name a address of your employer.

   _____

   b.   Have you received, within the past twelve months, any income from a business, profession or oth form of self-employment, or in the form of rent payments, interest, dividends, or other source?

   If the answer is yes, describe each source of income and state the amount received from each duri the past twelve months.

   _____NO_____          _____

   _____          _____

   _____          _____

(continued on page -2-)

A-18(09/97)          Motion, Affidavit & Order Re Appeal in Forma Pauperis

c.    Are you presently employed in prison?    Yes ☐    No ☒

If yes, state the number of hours you work per week and the hourly rate of pay.

_____

d.    Do you own any cash or do you have money in a checking or savings account?

Yes ☐    No ☒

If the answer is yes, state the amount of money in each account separately as of six (6) months pr
to the date of this affidavit. _____

_____

e.    Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (exclud
ordinary household furnishings and clothing)? _____ NO _____

f.    In what year did you last file an income tax return? _____ NONE _____

_____

g.    Approximately how much income did your last tax return reflect?_____ NONE _____

_____

h.    List the persons who are dependent upon you for support and state your relationship to those person
_____ NONE _____

i.    State monthly expenses, itemizing the major items. _____ NONE _____

_____

_____

_____ C. Wimberly _____
Signature of Party

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Aug 08, 2007    _____

Signature of Attorney
(Disregard if filed in propria persona)

PAGE 2 (Order on page -3-)

A-18(09/97)    MOTION, AFFIDAVIT AND ORDER RE APPEAL IN FORMA PAUPERIS

State of California                                                          Department of Corrections and Rehabilitation

# Memorandum

Date  :   MAR 2 0 2006

To    :   INMATE WIMBERLY, P-04999
          Calipatria State Prison

Subject: **SECOND LEVEL APPEAL RESPONSE - LOG NO: CAL-C-06-00088**

ISSUE:

It is the appellant's position that staff was responsible for him not being escorted to the visiting area in a timely manner, which resulted in him not visiting his family members on one occurrence and being able to visit for only 20 minutes on another occasion.

The appellant is requesting that he receive monetary compensation for cruel and unusual punishment and travel expenses his family incurred in the amount of $5,000.00. In addition, the appellant requests that Administrative and "Escorting" staff be drug tested.

INTERVIEWED BY: Correctional Sergeant M. Villa on February 5, 2006

REGULATIONS: The rule(s) governing this issue is (are):

**California Code of Regulations, Title 15, Section 3171(a), which states in part...**

The institution head shall maintain visiting procedures for inmate visiting at each institution/facility. The degree of informality of inmate visiting will be consistent with the security requirements of each institution/facility.

DISCUSSION:

In consideration of your appeal, a review of the appeal and its attachments was conducted. The California Code of Regulations (CCR) and all applicable laws and procedures were also considered.

On Sunday, February 5, 2006, Correctional Sergeant M. Villa interviewed you regarding your appeal. During the interview, you requested that you receive monetary compensation for cruel and unusual punishment and travel expenses your family incurred in the amount of $5,000.00. In addition, you requested that Administrative and "Escorting" staff be drug tested.

* CDC 1617 (3/89)

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



May 22, 2006

Wimberly, CDC #P-04999
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Re: Institution Appeal Log #CAL-06-00088 Visiting

Dear Mr. Wimberly:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete.  You must include supporting documentation. Your
appeal is missing Program Status Report for December 2005..

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****



Inmate Wimberly, ●1999
CAL-C-06-00088
Page 2


Your appeal and all other documents submitted were reviewed.  In addition, all applicable laws and procedures were also reviewed.

When institutions experience assaults on staff it is necessary to conduct a comprehensive investigation, which leads to modifications in inmate programs in order to ensure a safe and productive environment for staff and inmates.  During the time in question, Calipatria State Prison was under a Modified Program (refer to the Program Status Report Log #CAL-INST-05-022 A/B/C).  All inmates were required to be escorted to their respective visiting rooms as part of the modified program.  In addition, the institution was operating with staff shortages.  Escorts were conducted in as a timely manner as possible to ensure institutional safety and security.  The visiting restrictions, as well as others, are based on legitimate safety and security interests.  They are a direct result of several attempted murders of correctional staff, which occurred during the incident of August 18, 2005.


<u>DECISION:</u>

Therefore, based on the above information, your appeal is Denied at the Second Level of Review.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

M. E. BOURLAND
Chief Deputy Warden (A)
Calipatria State Prison

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date    :    MAY 1 6 2006

To    :    Inmate Wimberly, #P04999
C4-232L/Calipatria State Prison

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # CAL-C-06-00210**

### APPEAL ISSUE:

You alleged that the Warden of Calipatria State Prison and the Visiting Lieutenant failed to conduct their duties and that you and your family members had to wait over one and a half hours for your visit. You further alleged your visit was only for a few minutes.

### DETERMINATION OF ISSUE:

A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY

### SUMMARY FOR APPEAL INQUIRY:

You were interviewed on March 20, 2006, by M. P. Duran, Correctional Lieutenant and stated that on December 10, 2005, and December 24, 2005, you had visits from your friends and on both dates your visitors had to wait, and by the time they arrived to Facility "C" Visiting; the visiting was over. You also stated that you had proof of your allegations. You indicated D. Gonzalez, Correctional Lieutenant, knows about it. The following witnesses were questioned: L. E. Scribner, Warden, N. Bell, Correctional Lieutenant, Visiting, M. Villa, Correctional Sergeant, Visiting, D. Gonzalez, Correctional Lieutenant, Facility "C". The following information was reviewed as a result of your allegations of staff misconduct: The California Code of Regulations, (CCR), Title 15, and your appeal CAL-C-06-00210, and attachments were reviewed.

### FINDINGS FOR AN APPEAL INQUIRY:

Your appeal is PARTIALLY GRANTED at the ☒ First level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

(The check mark in the appropriate box indicates the Order made)

☐ **THE COURT HAS CONSIDERED THE MOTION AND THE MOTION IS DENIED.** The Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. 1915(a) and is frivolous, without merit and does not present a substantial question within the meaning of 28 U.S.C. 753(f).

The Clerk is directed to serve copies of this Order, by United States mail, upon the parties appearing in this cause.

DATED:_____

_____
                                    UNITED STATES DISTRICT JUDGE

☐ **THE COURT HAS CONSIDERED THE MOTION AND THE MOTION IS GRANTED.** It appears to the Court that the proposed appeal is taken in good faith within the meaning of 28 U.S.C. 1915(a). The Court certifies that the proposed appeal is not frivolous, that it presents a substantial question, and that a transcript is needed to decide the issue presented by the proposed appeal, all within the meaning of 28 U.S.C. 735 (f). The within moving party is authorized to prosecute an appeal in forma pauperis to the United States Court of Appeals for the Ninth Circuit without pre-payment of any fees or costs and without giving security therefor. The Court Reporter is directed to prepare and file with the Clerk of this Court an original and one copy of a transcript of all proceedings had in this Court in this cause; the attorney for the appellant is advised that a copy of the transcript will be made available to him. The expense of such transcript shall be paid by the United States pursuant to 28 U.S.C. 1915(c) and 753(f).

The Clerk is directed to serve copies of this Order, by United States mail, upon the parties appearing in this cause.

DATED:_____

_____
                                    UNITED STATES DISTRICT JUDGE

PAGE 3

# § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL; INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORDS.

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (Added by Stats. 1974, c. 29 §1. Amended by Stats. 1978, c. 630 §4.) (All reference to California Penal Code 1994.)

## PERSONNEL COMPLAINT:

Complainant __CRAIG WIMBERLY   #P-04999__

Address _____P.O. Box 5006     C4-232L_____

City __CALIPATRIA__ State __CA__ Zip __92233__

Residence phone (_____) _____

Business phone (_____) _____

Date and time of incident __DECEMBER 24, 2005__

Location of incident __CALIPATRIA PRISON VISITING ROOM__

**☑ Check only one:**
1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☒ Department of Corrections
10. ☐ Bar Association

Personnel involved __Administration Visiting Process  And C-Yard Visiting Staff, as well building officer releasing me and Escort Staff's__

Names and addresses of witnesses __Gayle Frazier, LaDrina Frazier__
__6219 Cimarron__
__Los Angeles, CA 90047__

Statement of complaint __L.E. SCRIBNER: Warden(a) Chief executive officer of Calipatria. Totality of the circumstance fails to conduct their duty assign to. I was call to A visit at approximately 2:10pm Building officer didn't release me to escort officer until 2:50pm about time I got to visit it was over I didn't visit my Family, Family was in visit room waiting about 1½ hours. Two weeks before this incident on 12-10-05 I was escorted to visit at 2:30pm 20 minute to visit. Deliberate Indifference Violation of Director Rules of Corrections title chapter 2 Article 7.   The bold entire conduct of Employee's involved attitude not they concern to CO2 LT. Bell and administration visit processing. Violation of Sub chapter 5 Article 2 § 3391. Misusing all leisure time and using the prestigious influence of the state Department of Corrections for private gain and advantage for harassment. Contains defamatory intentional associate conduct, abusive, harassing sexually offensive, racially biased and intentionally discriminatory material.__

(CRA 02419/ 1-92 [032 SCAP])                    - Side A. -

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Wimberly | | PC-4971 | 12-13-06 |
| RECEIVING STAFF'S PRINTED NAME M.P. DURAN | RECEIVING STAFF'S SIGNATURE | DATE SIGNED 4/7/04 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

CALIPATRIA STATE PRISON
Calipatria, California

FIRST LEVEL APPEAL RESPONSE

NAME:                WIMBERLY, P-04999

APPEAL LOG #:        CAL-C-06-00088

INTERVIEWED:         By M. VILLA, Correctional Sergeant, on February 5, 2006

APPEAL ISSUE:        VISITING

APPEAL DECISION:     DENIED

APPEAL RESPONSE:

In consideration of your appeal, a review of the appeal and its attachments was conducted. The California Code of Regulations (CCR) and all applicable laws and procedures were also considered.

You claim that you were not escorted to the visiting area in a timely manner on two (2) separate occasions (The 1st time on December 10, 2005. The 2nd time on December 24, 2005). You indicated that your family members were waiting in the visiting area for 1-½ hours.

You are requesting on appeal for monetary compensation for cruel and unusual punishment, pain, stress and travel expenses in the amount of $5,000.00.

You are alleging on appeal that you were notified via the unit control booth officer on December 24, 2005, at 2:18 p.m. that you had visitors for you. You indicated that escorting staff did not arrive until 2:50 p.m. to escort you to the visiting area. The total elapsed time from notification to escorting staff arrival was approximately 32 minutes. You indicated that you were escorted to visiting on December 10, 2005, at 2:30 p.m. and visiting ended approximately twenty minutes later at 2:50 p.m. Visiting intake processing ends at 1400 hours (2:00 p.m.) and visiting officially ends at 1445 hours (1:45 p.m.). A review of the visiting records indicated that no visitors were processed through visiting for you on the dates of December 10, 2005, or December 24, 2005. Your request for monetary compensation is not within the appeal process.

Based on the above, your appeal is Denied at the First Level of Review.

M. VILLA                              2/22/06
Correctional Sergeant                 Date

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:      SEP 6  2006

In re:     Wimberly, P-04999
           California State Prison, Los Angeles County
           44750 - 60th Street West
           Lancaster, CA  93536-7620


IAB Case No.: 0515428          Local Log No.:  CAL  06-00088


This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington, Facility Captain.  All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  It is the appellant's position that staff took too long to escort him from his cell to the visiting area.  The appellant states that on December 24, 2005, he was notified that he had a visit at approximately 2:18 pm.  The appellant states that he immediately notified the control booth that he was ready.  The appellant states that staff escorts did not arrive until 2:50 pm and by the time he arrived at the visiting hall, visiting was over.  The appellant did not get to visit his family and he believes that his family had been waiting in the visiting area for one and one half hours prior to his arrival at the visiting hall.  The appellant is requesting to be compensated $5,000 for deliberate indifference, cruel and unusual punishment and for the pain and stress.

**II   SECOND LEVEL'S DECISION:**  The reviewer found that when institutions experience assaults on staff it is necessary to conduct a comprehensive investigation, which leads to modifications of inmate programs in order to ensure a safe and productive environment for staff and inmates.  During the time in question, Calipatria State Prison was under Modified Program.  All inmates were required to be escorted to their respective visiting room as part of the modified program.  In addition, the institution was operating with staff shortages.  Escorts were conducted in as a timely a manner as possible to ensure institutional safety and security.  The visiting restrictions, as well as others, are based on legitimate safety and security interests.  These conditions were necessary precautions taken as a direct result of several attempted murders of correctional staff, which occurred during the incident of August 18, 2005.

**III  DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

    **A.  FINDINGS:**  Pursuant to California Code of Regulations, Title 15, Section (CCR) 3270, "The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department."  Because of the incidents involving violence against staff, a State of Emergency was declared involving the lockdown of the entire facility.  It is the duty of every employee to do everything possible to prevent disorders.  Each employee must be trained to be familiar with the procedures for handling disorders.  Disorders and other emergencies must be reported to supervisory staff at the earliest possible moment.  Whenever a disorder occurs, a prompt investigation will be made by the warden or superintendent.  As it is determined safe to do so, program activities, to include visiting, will be reinstated.  After a thorough review of all documents and information received, it has been determined that the appellant has failed to provide any documentation, verification, or evidence to support his claims of injury due to slow visiting processing by Calipatria State Prison (CAL) staff.  There shall be no relief afforded the appellant at the Director's Level of Review.

    **B.  BASIS FOR THE DECISION:**
CCR: 3001, 3170, 3270, 3271, 3278, 3291, 3300, 3380, 3383

    **C.  ORDER:**  No changes or modifications are required by the institution.

WIMBERLY, P-04999
CASE NO. 0515428
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, LAC
        Appeals Coordinator, LAC
        Appeals Coordinator, CAL

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

CAL    B 06 00088    4

1. _____    1. _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Wimberly Craig | P05499 | Education | C4-232L |

A. Describe Problem: G.J. Giurbino, Warden (A) Is the chief executive officer of Calipatria institution, and is responsible for the custody, treatment of all inmates under his charge. The administration and staff, totality of the circumstance fails to conduct their duty assign to due to lack of supervision. I was call for a visit today 12-24-05 at approximately 2:18 pm at the time, control booth call my name for visit I let him know that I am ready, escort didn't pick me up until 2:50 pm about time we got to visit room visit etc. I didn't visit my family, family was in visit room waiting about hour 1½ two weeks ago 12-10-05 same incident I was escort to visit at 2:30 pm 20 minute

If you need more space, attach one additional sheet.    to visit. Deliberate indifference, violation of →etc.

B. Action Requested: For cruel and unusual punishment, cause pain and stress the expensive traveling cost Compensated $5,000.00 Five thousandths pain and suffering Administration staff and escort demeanor outward behavior misconduct need drug testing. Director of Corrections cc: Chief Deputy Director cc:

Inmate/Parolee Signature: Wimberly    Date Submitted: 12-25-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

STATE APPEALS BRANCH
APR 19 2006
RECEIVED

CSP-CAL BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

STATE APPEALS BRANCH
JUN 22 2006
RECEIVED

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.    CDC Appeal Number:

SCREENED OUT    JAN 0 3 2006    CAL    B 06 00088

MAR 2006

Continue of 602 1 of 1

Director Rules of Corrections SubChapter 2. Article 7. Conduct of Visiting staff and escort attitude not they concern 602 Lt. Ball, and administration visit processing Violation of SubChapter 5. Article 2. § 3391.      Messing off leisure time and using the prestigious influence of the State Department of Corrections for private gain and advantage harassment.  Contains defamatory, intentional inaccurate conduct, abusive harassing, racially offensive, racially biased, and unlawfully discriminatory material. Violation of these provisions may result in disciplinary actions up to and including termination of employment or civil action.

Criminal prosecution may result from conduct which Violates Code 502.

I declare under Penalty of perjury that the foregoing is true and Correct

Date: 12-25-05

Name: Wimberly

State of California                                                    Department of Corrections

# ALLEGATION OF MISCONDUCT BY PEACE OFFICER
## NOTICE OF RIGHTS AND RESPONSIBILITIES

Pursuant with Penal Code, Section 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement with the CDC-602 Form, to the Appeals Coordinator.

**Please read and sign acknowledging the following and return to appropriate Department staff as indicated above:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A DEPARTMENTAL PEACE OFFICER FOR ANY IMPROPER PEACE OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. COMPLAINTS AND ANY REPORTS OF FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO A MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING THAT IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE IN A CRIMINAL COURT.

_Wimberly_
_____          _12-25-05_____
Complainant's Signature                           Date Signed


_____          _____
Receiving Appeals Staff's Signature                Date Signed

Amend    1 of 2   Continue 602

On 12·24·05  At 3rd Watch building 4 Control booth ℅ Hopewell, 2:18 pm Call my Name for Visit. At 2:50 pm I was put up by escort 3rd Watch ℅ Olivares, and at the Visiting room ℅ staff Violate 3393 (C) Covering of Nameplate by Vest. For that day I am requesting of all ℅s Worked C·Yard escort and Administration Visiting process staff Name add to the appeal.


Secondly:
Appeals Coordinator D.W. Bell.
This is your second attempt trying not to process my appeal You are prestigious using your influence position to cripple the handicap. Not once have you prove on paper the allegation you claim to be. You are covering up the Crookedness of the Corruption that go on here at Calipatria.
        You are falsifying documents that will be brought to light.


*Wimberly,*            1-5-06

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*January 3, 2006*

**WIMBERLY, P04999**
*FC0400000000232L*

Log Number: CAL-C-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You may only submit one (1) non-emergency appeal within a seven-calendar day period.*

*Resubmit after 1/04/05, furthermore, you need to include the name of the Officer you allege failed to let you out of the housing unit in time for your visit.*

Appeals Coordinator
CALIPATRIA STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

2/5/06          Wimberly P64999

2815

I was called for Visit. Staff Not
Concerned. Admin processing called
that I had a visit and my
people were waiting for 2 hours.
White, blacks & other don't have
to be in restraints . . . . . .

Did Not See my people . . visiting
Escorts were Late . . . . .

Compensate for this Suffering
of my pain, of me and my
family . . . . . .

        I would Like to be transferred.

STATE OF CALIFORNIA                    804 T0 RECORDS:                    DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

MED

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| P-04999 | WIMBERLY | 7-17-13 | CSP-CAL | C4-232L | 02-06-C-005 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR # 3084.1 (e) | FILING A FALSE COMPLAINT AGAINST STAFF | | C-Program | 02/05/06 | 1830 HRS. |

CIRCUMSTANCES

On Sunday, February 05, 2006, at approximately 1530 hours, I contacted visiting staff for information (Fact Finding) in preparation for a 1st Level CDC-602, log number (CAL-C-06-00088) that you Inmate WIMBERLY (P-04999, C4-232L) completed and submitted to the Appeal Coordinator for processing. You requested that your appeal be considered a "Complaint Against Staff". You signed and attached a Rights and Responsibility Statement to your appeal in accordance with California Code of Regulation (CCR) 3084.1. In review of visiting records for the dates of December 10, 2005 and December 24, 2005 which indicated that no visitors were processed through visiting for you. In your appeal you are alleging staff misconduct and on appeal you are requesting monetary compensation in the amount of $5.000, 00 dollars for "cruel and unusual punishment, pain, and stress as well as travel expenses". Subsequent to the fact-finding interview with visiting staff, it was determined that the CDC-602 appeal form that you submitted contained false information. Your action violated Penal Code, section 148.6, which states in part "It is against the law to make a complaint against a departmental peace officer that the complainant knows to be false. CCR section(s) 3010, 3011, 3012, 3013, 3021, 3084.2, 3084.3 and 3084.4 were violated as well. Inmate WIMBERLY is not a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| M. VILLA Program Sergeant | 2/5/06 | Facility "C" Program | Tue/Wed |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ J. SIGLER, Lieutenant (A) | | DATE  N/A | LOC.  N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | | 2/7/06 | A. MILLER, LT. | | ☐ HO | ☒ SHO | ☐ SC | ☐ FC |
| ☒ SERIOUS | E | | | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ Signature | 2/7/06 | 1915 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | | | | | | |

HEARING    On Thursday, February 16, 2006, at approximately 1930 hours, Inmate WIMBERLY, P-04999, appeared before the Senior Hearing Officer (SHO) for adjudication of CDC-115, Rules Violation Report (RVR), Log# 02-06-C-005, Inmate WIMBERLY is not a participant in the Mental Health Services Delivery System (MHSDS), nor a participant in the Disability Placement Program (DPP).

DUE PROCESS: The preliminary copy of the disciplinary report was served to WIMBERLY within fifteen (15) days of discovery and the hearing was held within thirty (30) days of service. In the hearing, WIMBERLY verified he received all pertinent documents more than 24 hours prior to the hearing. Time constraints have been met. There are no Due Process Violations. Inmate WIMBERLY agreed that this discrepancy would not preclude him from receiving a fair and impartial hearing otherwise. STAFF ASSISTANT: Per California Code of Regulations (CCR) 3315(D)(2), a Staff Assistant (SA) was assigned because Inmate WIMBERLY is below a 4.0. The assigned Staff Assistant, Correctional Officer B. Gill, was present at the hearing, confirmed that he is fluent in English and that he interviewed Inmate WIMBERLY who waived the twenty-four (24) hours time constraints at the hearing. As interrogated by Officer B. Gill, Inmate WIMBERLY confirmed that he understood the hearing procedures, disciplinary charge, evidence supporting the charge and his right to request confidentiality. Since WIMBERLY stated that he was prepared to begin.

(CONTINUED ON RULES VIOLATION REPORT - PART C)

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| D. GONZALES  CORRECTIONAL LIEUTENANT | ▶ | | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
| ▶ | | ▶ | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | ▶ | | | |

CDC 115 (7/88)

**RULES VIOLATION REPORT - PART**  
PAGE __ OF __

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| P-04599 | WIMBERLY | 02-06-C-005 | CSP-CAL | 02/16/06 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER____

INVESTIGATIVE EMPLOYEE: Per CCR 3315(d)(1), an Investigative Employee (IE) was not assigned because 1): the issues are not complex, 2): Inmate WIMBERLY can complete his own investigation, and 3): available information is sufficient.

PLEAS PLEA: The charges were read to Inmate WIMBERLY, and he pled NOT GUILTY. Inmate WIMBERLY stated, "I did have a visit on the 24th. I must have gotten the wrong date on the 10th. I know it was that weekend, the 10th or 11th. The bottom line is that I only get to visit for less than an hour, when my people get here early in the morning!"

WITNESSES: Inmate WIMBERLY did not request witnesses, as indicated by his signature on the CDC Form 115-A.

FINDINGS: Inmate WIMBERLY was found NOT GUILTY of violating the CCR, Section 3084.1, for the specific act of "FILING A FALSE COMPLAINT AGAINST STAFF", a division "F" Offense. This finding was based upon the preponderance of the evidence submitted at the hearing, which does not substantiate the charge, this evidence included:

1). The SHO reviewed Inmate WIMBERLY's visiting record. The record revealed that he in fact did have a visit on 12/24/05. Inmate WIMBERLY did not have a visit on 12/10/05 but did on 12/11/05. The visit on 12/11/05 was not completed due to time constraints.

This RVR is DISMISSED in the interest of justice.

APPEAL: Inmate WIMBERLY was advised of his right to appeal the findings and/or disposition of the hearing, pursuant to the CCR, Section 3084.1, and also advised that he would receive a completed copy upon final audit by the Chief Disciplinary Officer (CDO). The review and the signature of the CDO affirms, reverses, or modifies this disciplinary action and/or credit forfeiture and constitutes the First level of Review for appeal purposes.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| B. GONZALEZ, Correctional Lieutenant | | |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| P-04999 | WIMBERLY | CCR §3084.1 (e) | 02/03/06 | CSP-CAL | 02-06-C-005 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ▶
DATE

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ▶ N/A
DATE

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION

☐ **I REVOKE** my request for postponement.
INMATE'S SIGNATURE ▶
DATE

## STAFF ASSISTANT

STAFF ASSISTANT
☐ REQUESTED ☐ WAIVED BY INMATE
INMATE'S SIGNATURE ▶ N/A
DATE

☒ ASSIGNED | DATE | NAME OF STAFF

☐ NOT ASSIGNED | REASON GPL Reason 4.0

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE
☐ REQUESTED ☒ WAIVED BY INMATE
INMATE'S SIGNATURE ▶
DATE

☐ ASSIGNED | DATE | NAME OF STAFF

☐ NOT ASSIGNED | REASON

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☒ OTHER _____ ☐ NONE

WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

I/m Wimberly P-04999 Stated he waived his
Rghts Witness, and wanted to get his hearing
done. ASU Violation

INVESTIGATOR'S SIGNATURE ▶
DATE

☐ COPY OF CDC 115-A GIVEN INMATE
BY: (STAFF'S SIGNATURE) ▶
TIME
DATE

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 03 74845

**SEND**

*Lodged*

2007 NOV -8 PM 6: 53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

FILED
CLERK, U.S. DISTRICT COURT

NOV 13 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #
CDC#P04999
CRAIG WIMBERLY

PLAINTIFF(S)

V.

WARDEN, ET AL;

DEFENDANT(S)

CASE NUMBER

CV07- 7375 (FFM)

### ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of 350.00. An initial partial filing fee of $ ___O___ Must be paid within thirty (30) days of the date this is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_11/9/07_
Date

_____
United States Magistrate Judge

===============================================================

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency

☐ Legally and/or factually patently frivolous

☐ Failure to authorize disbursements from prison trust account to pay filing fee

☐ Other: _____

☐ District Court lacks jurisdiction

☐ Immunity as to _____

☐ Failure to provide certified copy of trust fund statement for the last six (6) months.

Comments: _____

_____
Date

_____
United States Magistrate Judge

===============================================================

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

☐ **GRANTED**          ☐ **DENIED (See comments above).**

_____
Date

_____
United States District Judge

CV-73C (04/06)          ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

Craig Wimberly
**FULL NAME**

**COMMITTED NAME (if different)**
P.O. Box 4670
**FULL ADDRESS INCLUDING NAME OF INSTITUTION**
Lancaster, CA 93539-4670
#P.64999
**PRISON NUMBER (if applicable)**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

07 - 7 3 7 5 -

Craig Wimberly

WARDEN       v.

550

**PLAINTIFF,**

**DEFENDANT(S).**

**CASE NUMBER** CV07-5320        (FFM)
*To be supplied by the Clerk*

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

**A. PREVIOUS LAWSUITS**

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

LODGED

2007 AUG 15 PM 12:56
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

LODGED

2007 NOV -8 PM 6:49
CLERK, U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY

RECEIVED AND RETURNED
CLERK U.S. DISTRICT COURT
SEP 25 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

DOCKETED ON CM
NOV 15 2007
BY                032

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 13 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

CV-66 (7/97)                    CIVIL RIGHTS COMPLAINT                    Page 1 of 6



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

Tuesday, November 13, 2007

**CRAIG WIMBERLY**
**CDC#P04999**
**P. O. BOX 4670**
**LANCASTER, CA 93539-4670**

Dear Sir/Madam:

   A Complaint for Civil Rights was filed today on your behalf and assigned civil case number
   CV07- 7375 R (FFM)

Please refer to this case number in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____

☒ Magistrate Judge _____**Frederick F. Mumm**_____

at the following address:

☒  U.S. District Court
   312 N. Spring Street
   Civil Section, Room G-8
   Los Angeles, CA  90012

☐  Ronald Reagan Federal
   Building and U.S. Courthouse
   411 West Fourth St., Suite 1053
   Santa Ana, CA  92701-4516

☐  U.S. District Court
   3470 Twelfth Street
   Room 134
   Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

                                        Sincerely,

                                        Clerk, U.S. District Court

                                             CSAWYER
                                        By: _____
                                             Deputy Clerk

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**

Craig Wimberly

**DEFENDANTS**

Scribner, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Craig Wimberly
PO Box 4670
Lancaster, CA 93539
P-04999

**ATTORNEYS (IF KNOWN)**

'07 CV 2296 H    LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE ____  Docket Number ____

DATE   12/6/2007

SIGNATURE OF ATTORNEY OF RECORD