# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG WIMBERLY,<br>CDCR #P-04999,<br><br>                              Plaintiff,<br><br>vs.<br><br>L.E. SCRIBNER, et al.,<br><br>                              Defendants. | Civil No.    07-2296 H (LSP)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

Plaintiff, Craig Wimberly, a state prisoner currently incarcerated at Corcoran State Prison located in Corcoran, California and proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983 in the Central District of California, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

On November 9, 2007, United States Magistrate Judge Frederick Mumm granted Plaintiff's Motion to Proceed *IFP*. On November 30, 2007, United States District Judge Manuel Real determined that the claims by Plaintiff arose while Plaintiff was incarcerated at Calipatria State Prison and thus, transferred this action to the Southern District of California.

////
////
////

## I. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

////

### A.   Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.   Right to Family Visitation

In the Complaint filed by Plaintiff he does not set forth any specific factual allegations. However, Plaintiff does attach to his Complaint an administrative grievance filed by him and the responses by prison officials to this grievance. In his administrative grievance, Plaintiff claims that on two occasions, prison officials were late in escorting him to the visitor wait room. (*See* Attachment to Pl.'s Compl, Inmate/Parolee Appeal Form dated December 25, 2006). As a result, Plaintiff was unable to visit with his family on one occasion and on another occasion, he was only able to visit with his family for twenty minutes. (*Id.*)

However, prisoners do not have a constitutional right to unfettered visitation. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460-61 (1989). The denial of prison access to a particular visitor "is well within the terms of confinement ordinarily contemplated by a prison sentence," *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir. 1986) ("to the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society.").

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.

////

////

### III. Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: January 9, 2008

_____
**HON. MARILYN L. HUFF**
United States District Judge