# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG WIMBERLY<br>CDCR #P-04999,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>L.E. SCRIBNER, Warden;<br>OLIVARES, Correctional Officer;<br>M. VILLA, Program Sergeant,<br><br>　　　　　　　　　　Defendants. | Civil No.　07-2296 H (LSP)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION/REQUEST FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>**[Doc. No. 5]** |

## I. PROCEDURAL HISTORY

Craig Wimberly ("Plaintiff"), an inmate currently incarcerated at Corcoran State Prison in Corcoran, California and proceeding pro se, first initiated this civil rights action pursuant to 42 U.S.C. § 1983 in the Central District of California. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

On November 13, 2007, the Central District granted Plaintiff's IFP Motion, but on November 30, 2007, transferred the case to this Court for lack of proper venue, finding that Plaintiff's claims arose while he was incarcerated at Calipatria State Prison, which is located in the Southern District of California. *See* 28 U.S.C. § 84(d).

After transfer, however, this Court sua sponte dismissed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* Jan. 9, 2008 Order [Doc. No. 4].) Specifically, the Court found that Plaintiff's Complaint failed to state a claim under 42 U.S.C. § 1983 because his pleading did not "set forth any specific factual allegations," and to the extent his exhibits suggested his claim was based on the denial of family visitation privileges, he failed to allege the violation of a constitutional right. *See* Jan. 9, 2008 Order [Doc. No. 4] at 3 (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460-61 (1989) (noting that prisoners enjoy no constitutional right to unfettered visitation); *Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir. 1986) ("[T]o the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty criminals pay for their offenses against society.")). Plaintiff was granted 45 days leave, however, to amend his pleading. *Id.* at 4; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)

On February 27, 2008, Plaintiff submitted a Motion/ Request for an extension of time to "serve and file necessary documents" [Doc. No. 5], which the Court construes as a Motion for Extension of Time in which to file his Amended Complaint. Plaintiff claims he has limited access to the law library because Corcoran restricts inmate movement to and from the law library during the "fog condition season." (Pl.'s Mot. at 1.)

**II.   STANDARD OF REVIEW**

This is Plaintiff's first request for an extension of time, he is proceeding without counsel and his request is timely.[1] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). Thus, the Court finds good

---

[1] While Plaintiff's Motion was not received by the Clerk until *after* the 45 days in which he was granted leave to amend had elapsed, his Motion is timely under *Houston v. Lack*, 487 U.S. 266, 270 (1988). *Houston* and its progeny provide that notices of appeal, and other documents submitted by pro se prisoners, are deemed "filed" on the date the prisoner "deliver[s] [them] to prison authorities for forwarding to the [d]istrict [c]ourt." *Id.; see also Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995).

1  cause to grant Plaintiff's request. "'Strict time limits . . . ought not to be insisted upon' where
2  restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance
3  with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino
4  v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)); *see also Bennett v. King*, 205 F.3d 1188, 1189
5  (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as
6  untimely where mere 30-day delay was result of prison-wide lockdown).

### III.  CONCLUSION AND ORDER

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion /Request for Extension of Time [Doc. No. 5].

Plaintiff's Amended Complaint, should he elect to file one, must be filed with the Court no later than **Monday, March 31, 2008**.  Plaintiff's Amended Complaint must address the deficiencies of pleading previously identified in the Court's January 9, 2008 Order [Doc. No. 4].  If Plaintiff chooses not to file a Amended Complaint within that time, this action shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b) and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: February 29, 2008

_____
HON. MARILYN L. HUFF
United States District Judge